**NOTICE OF REMOVAL**

**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiff:** HOSPICE OF METRO DENVER, INC., a Colorado corporation<br><br>v.<br><br>**Defendant:** HOSPICE OF LARIMER COUNTY, a Colorado corporation | ▲ COURT USE ONLY ▲<br><br>Case No. 2009CV1596<br>Div.:   18   Ctrm.: |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** Hospice of Larimer County, a Colorado corporation

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: April 9, 2009.

                         PENDLETON, FRIEDBERG, WILSON & HENNESSEY, P.C.

                         By: _____
                               J. Mark Smith (#973)
                               1875 Lawrence Street, Tenth Floor
                               Denver, CO 80202
                               Phone Number: (303) 839-1204
                               ATTORNEYS FOR PLAINTIFF

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

{00311129.DOC1}

## RETURN OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action, and that I served this Summons and a copy of the Complaint in this case, on _Hospice of Larimer County, a Colorado Corp._ (Defendant), in _Larimer County, Colorado_ (Name of County/State) on _April 10, 2009_ (date), at _12:06 p.m._ (time), at the following location: _Hospice of Larimer County, 305 Carpenter Rd, Ft. Collins Co 80525_

☐ By handing the documents to a person identified to me as the Defendant.

☐ By identifying the documents, offering to deliver them and then leaving them with a person identified to me as the Defendant who refused service. Physical description of person served: _____

☐ By leaving the documents at the Defendant's usual place of abode with _____, (Name of Person) who is a member of the Defendant's family and whose age is 18 years or older. (Identify family relationship) _____

☐ By leaving the documents at the Defendant's usual workplace with _____ (Name of Person) who is the Defendant's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☒ By leaving the documents with _Dawn Turvey_ (Name of Person), who as _Executive Asst._ (title) is authorized by appointment or by law to receive service of process for Defendant.

☐ By serving the documents as follows (other service permitted by C.R.C.P. 4(c)(d) and (e): _____

I have charged the following fees for my services in this matter:

☒ Private process server
☐ Sheriff, _____ County
$80.00  Mileage $ _60.80_

_Signature of Process Server_  4-10-09

_Scott Smith_  4-10-09
Name (Print or type)

Subscribed and sworn to before me in the County of _Denver_, State of _____, this ___ day of _April_, 2009.

My Commission Expires: _7/23/12_

_Notary Public_

My Commission Expires 07/22/2012

{00311129.DOC}  2

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiff:** HOSPICE OF METRO DENVER, INC., a Colorado corporation<br><br>v.<br><br>**Defendant:** HOSPICE OF LARIMER COUNTY, a Colorado corporation | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br><br>J. Mark Smith (#973) (msmith@penberg.com)<br>Pendleton, Friedberg, Wilson & Hennessey, P.C.<br>1875 Lawrence Street, Tenth Floor<br>Denver, CO 80202-1898<br>Tel: (303) 839-1204<br>Fax: (303) 831-0786 | Case No.: 2009CV1596<br><br>Ctrm. _____   Div.: 18 |

**DISTRICT COURT CIVIL COVER SHEET FOR INITIAL PLEADINGS OF COMPLAINT, COUNTERCLAIM, CROSSCLAIM OR THIRD PARTY COMPLAINT**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

    ☒ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    ☐ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

{00308396.DOC1}

☐ . This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,     **or**

☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),     **or**

☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38.  (Checking this box is optional.)

DATED this 10th day of February, 2009.

*This document was E-filed via the LexisNexis File and Serve system. The originally signed copy is on file at the offices of Pendleton, Friedberg, Wilson & Hennessey, P.C..*

          PENDLETON, FRIEDBERG, WILSON
          & HENNESSEY, P.C.

By:   s/ J. Mark Smith
       J. Mark Smith
       *Attorneys for Plaintiff*

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiffs:** HOSPICE OF METRO DENVER, INC., a Colorado corporation<br><br>v.<br><br>**Defendants:** HOSPICE OF LARIMER COUNTY, a Colorado corporation | ▲ COURT USE ONLY ▲ |
| Attorneys for plaintiff:<br><br>J. Mark Smith (#973) (msmith@penberg.com)<br>Pendleton, Friedberg, Wilson & Hennessey, P.C.<br>1875 Lawrence Street, 10th floor<br>Denver, CO 80202-1898<br>Tel: 303-839-1204<br>Fax: 303-831-0786 | Case No. 2009CV1596<br><br><br>Div.: 18        Ctrm.: |
| **COMPLAINT FOR COMMON LAW TRADEMARK INFRINGEMENT AND PRELIMINARY INJUNCTION** | |

The Plaintiff for its Complaint against the Defendant states the following:

1.   Hospice of Metro Denver, Inc., a Colorado non-profit corporation with its principal place of business at 501 South Cherry Street, Suite 700, Denver, CO 80246, was started in 1977 and offers hospice services.

2.   Hospice of Larimer County is a Colorado non-profit corporation with its principal place of business at 305 Carpenter Road, Fort Collins, CO 80525, offering hospice services for its clients in competition with Plaintiff.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction as Plaintiff's principal place of business being in Denver, Colorado and the torts and wrongful acts were committed, at least in part, in Denver, Colorado.

4.   Venue, because of the above facts, is proper.

## GENERAL FACTS

5. Plaintiff, Hospice of Metro Denver, Inc., offers hospice and palliative care services, grief counseling, support and related services in the greater metro Denver area and has done so for over 30 years.

6. Since at least 2004 one of the trademarks used by Hospice of Metro Denver for its services has been "Pathways."

7. Plaintiff, through its efforts, market presence, promotion and advertising, including in hospitals, physicians' offices, and counselors' offices, has generated substantial market recognition and associated goodwill related to their trademarks, including Pathways throughout the Front Range. Such use occurred prior to any use by Defendant.

8. In November 2008, Plaintiff first became aware of Defendant Larimer County Hospice's use of Plaintiff's Pathways trademark for identical services within the same market area serviced by Plaintiff.

9. Among the many instances of advertising undertaken by the Defendant, some, if not all, have caused confusion in the market and as a result do, and will continue to, cause damage to Plaintiff's valuable rights and goodwill in the Pathways trademark unless Defendant stops their use of the Pathways trademark.

10. The resulting confusion in the market arises by the use of the identical trademark for the identical services and thereby misleads the relevant market into assuming an association, approval or relationship of Defendant's services and Plaintiff's services, which is not true. This causes irreparable harm to the Plaintiff and its good will and valuable rights in the trademark. Plaintiff has notified the Defendant of the confusion and requested that they cease and desist from any further use of Pathways.

11. Defendant has rejected Plaintiff's demand without any legal justification or right in law or equity.

12. In addition, Defendant in December 2008 has sought to register Pathways as a trademark and a trade name in January 2009, both with the Colorado Secretary of State. The Colorado registrations were filed after Defendant received our demand to stop its use of the Trademark and thus were filed with fraudulent intent.

### FIRST CLAIM FEDERAL TRADEMARK INFRINGEMENT
(Federal Trademark Infringement (All Defendants))

13. Hospice of Metro Denver incorporates and realleges paragraphs 1 – 12 as though fully set forth herein.

14. Defendant has promoted and solicited, and continues continue to promote and solicit business related to its services, using the trademark Pathways. Defendant has falsely described and misrepresented their goods and services and has created the mistaken impression that there is some relationship, approval or similarity between Plaintiff's use of the Pathways mark related to the identical services and those services being offered by Defendant.

15. Defendants' actions, by using the identical mark for the identical services have created a likelihood of consumer confusion as to their affiliation, connection or association with Hospice of Metro Denver as to the origin, sponsorship or approval of Defendant's services

16. Defendants' unauthorized use of Pathways trademark in connection with the marketing and solicitation for its services is a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17. Defendants adopted and continue to use Hospice of Metro Denver's Pathways trademark with full knowledge of Plaintiff's superior and prior rights and without authorization. Defendants' tortious acts constitute willful and deliberate trademark infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Plaintiff's established and superior rights.

18. As a result of Defendants' unlawful actions, Plaintiff has suffered commercial harm, including the past and continuing confusion in the market.

19. Plaintiff has also been, and continues to be, harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement (All Defendants))

20. Hospice of Metro Denver incorporates and realleges paragraphs 1- 19 as though fully set forth herein.

21. Defendants' actions as described above have caused and are likely to cause confusion with Plaintiff's established and superior rights and otherwise unfairly compete with Plaintiff. As such, Defendants' actions constitute unfair competition and common-law trademark infringement under Colorado law.

22. Defendants' unlawful actions were committed with willful and wanton disregard for Plaintiff's superior rights.

23. As a result of Defendants' unlawful actions, Plaintiff has suffered commercial harm.

24. Plaintiff has also been, and continues to be, harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## THIRD CLAIM PRELIMINARY AND PERMANENT INJUNCTION

25. Hospice of Metro Denver incorporates and realleges paragraphs 1- 24 as though fully set forth herein.

26. To prevent irreparable harm, the Plaintiff prays for a preliminary and presumptive injunction barring any further use of Pathways by Defendant, and such other relief as the court may deem appropriate.

**WHEREFORE**, having fully set forth its claims, the Plaintiff prays for relief, including:

A. Injunctive relief to prevent the unauthorized use of Plaintiff's trademark and such other actions by Defendant which have or will cause confusion as to any relationship with Plaintiff

B. Statutory damages pursuant to 15 U.S.C. § 1125(d) and 15 U.S.C. § 1117;

C. Attorneys fees pursuant to 15 U.S.C. § 1125 and 15 U.S.C. § 1117; and

D. Such other relief as deemed appropriate.

Respectfully submitted this 10th day of February, 2009.

PENDLETON, FRIEDBERG, WILSON & HENNESSEY, P.C.

By: s/ J. Mark Smith
J. Mark Smith
Attorney for Plaintiffs

Plaintiff's address:
501 South Cherry Street, Suite 700
Denver, CO 80246-1234