**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:   09-cv-00991-WYD-KMT

Hospice of Metro Denver, Inc., a Colorado corporation
Plaintiff,

vs.

Hospice of Larimer County, a Colorado corporation,
Defendant.

_____

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**
_____

Defendant Hospice of Larimer County, by and through its counsel, CR MILES, P.C., hereby answers the Complaint For Common Law Trademark Infringement and Preliminary Injunction and, in response to each numbered paragraph therein states as follows:

1. Defendant denies that the Plaintiff is Hospice of Metro Denver, Inc.; Plaintiff's entity name was changed by amendment to the Articles of Organization on 3/6/2007 to The Denver Hospice, Inc. such that the Plaintiff is improperly identified in this action. Defendant lacks information or knowledge sufficient to form a belief as to the other remaining facts alleged and therefore denies the allegations of paragraph 1 of the Complaint.

2. Defendant admits in part and denies in part the allegations in paragraph 2 of the Complaint;  Defendant denies that Plaintiff offers services to its clients in competition with Plaintiff; Defendant admits the remainder of paragraph 2.

### Jurisdiction and Venue

3. Defendant admits that this federal court has personal jurisdiction in this action.

4. Defendant admits that venue in this federal judicial district is proper.

### General Facts

5. Defendant lacks information or knowledge sufficient to form a belief as to the facts alleged and therefore denies the allegations of paragraph 5 of the Complaint.

6. Defendant lacks information or knowledge sufficient to form a belief as to the facts alleged and therefore denies the allegations of paragraph 6 of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant lacks information or knowledge sufficient to form a belief as to the facts alleged and therefore denies the allegations of paragraph. 8 of the Complaint.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant admits in part and denies in part the allegations in paragraph 10 of the Complaint. Defendant admits that Plaintiff wrote Defendant a letter concerning the PATHWAYS trademark; Defendant denies the remainder of the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits in part and denies in part the allegations in paragraph 12; Defendant admits that it registered the PATHWAYS trademark in December 2008 with the Colorado Secretary of State; Defendant denies the remainder of the allegations of paragraph 12.

**First Claim - Federal Trademark Infringement**

13. Defendant restates herein its foregoing answers to paragraphs 1-12.

14. Defendant admits in part and denies in part the allegations in paragraph 14 of the Complaint. Defendant admits that it continues to use the PATHWAYS trademarks to offer its goods and services; Defendant denies the remainder of the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

**Second Claim For Relief-Common Law Trademark Infringement**

20. Defendant restates herein its foregoing answers to paragraphs 1-19.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

**Third Claim – Preliminary and Permanent Injunction**

25. Defendant restates herein its foregoing answers to paragraphs 1-24.

26. To the extent paragraph 26 is an allegation, Defendant denies the allegations of paragraph 26.

## AFFIRMATIVE DEFENSES

Further, the Defendant asserts the following defenses and states:

27. Plaintiff's action fails to state a claim upon which relief can be granted.

28. Plaintiff's action is barred because no trademark infringement has occurred.

29. Defendant is a good faith, concurrent user of the PATHWAYS mark.

30. On information and belief, Defendant's first use of the PATHWAYS trademark in commerce occurred prior in time to that of the Plaintiff.

31. Plaintiff has failed to make trademark use of the disputed term "pathways" or such use is only de minimis.

32. Plaintiff's action is barred by the doctrines of laches, estoppel, waiver, and/or acquiescence.

33. Plaintiff's action is barred by conduct on the part of the Plaintiff constituting unclean hands.

34. Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

35. Plaintiff's request for a preliminary injunction is barred by Plaintiff's failure to demonstrate immediate and irreparable harm.

36. Plaintiff's request for a preliminary injunction is barred by Plaintiff's failure to demonstrate a likelihood of prevailing on the merits of the case.

37. Plaintiff's request for a preliminary injunction is an attempt to compete unfairly and is therefore barred.

## COUNTERCLAIMS BY DEFENDANT

38. The following allegations and counterclaims are made in the alternative pursuant to F.R.C.P. 8(d)(2).

39. This is an action for trademark infringement and unfair competition in violation of the laws of the United States and the State of Colorado.

40. Subject matter jurisdiction of the federal court over these counterclaims is based upon 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 2201 and Rule 13 of the Federal Rules of Civil Procedure.

41. Personal jurisdiction over the counterclaim defendant is proper under Colorado Revised Statutes § 13-1-124 because counterclaim defendant resides in this district.

42. Venue in this district is appropriate under 28 U.S.C. §§ 1391(b) and (c) because counterclaim defendant resides in this district and the conduct forming the basis of the counterclaims occurred in this district.

43. Since at least 1979, Hospice of Larimer County (HLC) has provided hospice services to communities, families, and individuals in the Northern Colorado area.

44. In October 2003, with no knowledge of use of this mark by any others, HLC selected the mark PATHWAYS for use in its Grief and Loss programs.

45. Since the time of initiation of use HLC has continued without interruption to use this mark in connection with its hospice services in the Northern Colorado area.

46. HLC's use of the PATHWAYS mark has grown substantially as a result of, among other things, advertising, marketing, promotional efforts, and media coverage.

47. HLC has invested substantial sums of money, time, and resources in the growth and development of the mark's use.

48. As a result of HLC's use of the PATHWAYS mark, its advertising, marketing, and promotional efforts, as well as media coverage, consumers and the public have come to recognize the mark PATHWAYS as a source indicator for HLC's services.

49. HLC has established substantial good will in the PATHWAYS mark.

50. HLC registered the marks PATHWAYS and PATHWAYS HOSPICE with the Colorado Secretary of State on December 10, 2008 as registration numbers 20081642606 and 20081642381, respectively, conservatively claiming its date of first use in commerce of "PATHWAYS" to be not later than February 1, 2004.

51. HLC registered the trade name PATHWAYS HOSPICE with the Colorado Secretary of State on January 20, 2009 as registration number 20091039388.

52. HLC filed a federal application to register the mark PATHWAYS for its hospice services with the United States Patent and Trademark Office on December 10, 2008, which is currently pending as application serial number 77/630,625.

53. In October 2008, HLC filed an application to register the mark PATHWAYS HOSPICE for its hospice services with the United States Patent and Trademark Office, which is currently pending as application serial number 77/597,382.

54. Counterclaim defendant is currently using the mark PATHWAYS in Colorado, including in connection with the advertising, promotion, selling, and provision of palliative care and/or hospice services.

55. Counterclaim defendant continues to use the PATHWAYS mark in connection with services and in channels of trade that are likely to create confusion with HLC and it services.

56. Counterclaim defendant registered the trademark PATHWAYS for palliative care services with the Colorado Secretary of State on January 29, 2009 as registration number 20091060896, claiming its date of first use in commerce as 1/1/2004.

57. On information and belief, Counterclaim defendant has known of HLC's use of the PATHWAYS mark since at least as early as 2005.

58. In late November 2008, Counterclaim defendant's counsel contacted HLC demanding that HLC halt all use of the PATHWAYS mark.

59. Counterclaim defendant's counsel repeated this demand by correspondence dated December 3, 2008, which is attached hereto as Exhibit A and incorporated herein by reference.

60. Prior to November 2008, Counterclaim defendant had never made any objection to HLC regarding its use of the PATHWAYS mark.

### FIRST COUNTER-CLAIM
(False Designation of Origin and False Representation; 15 U.S.C. § 1125(a))

61. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

62. Counterclaim defendant's use of the PATHWAYS mark in connection with the offering, advertising, promoting, and provision of Counterclaim defendant's services falsely represents or designates that the services of the Plaintiff are licensed by,

       sponsored by, originated with and/or otherwise affiliated with HLC or falsely represents or designates that the source of Counterclaim defendant's services are affiliated with, connected with, or associated with HLC, when in fact there is no such affiliation, connection, or association.

63. Counterclaim defendant's use of the PATHWAYS mark is likely to cause confusion, or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the services provided by the Counterclaim defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Counterclaim defendant is associated, connected or otherwise associated with HLC.

64. The conduct complained of herein has been without authorization or consent of HLC and has damaged, is damaging, and is likely to continue damage HLC.

65. The conduct complained of herein constitute a violation of 15 U.S.C. § 1125(a), and has caused and is causing irreparable harm and damage to HLC for which there is no adequate remedy at law.

## SECOND COUNTER-CLAIM

(Common Law Trademark Infringement)

66. The allegations of all previous paragraphs are incorporated by reference as though fully set forth herein.

67. The mark used by the Counterclaim defendant in connection with the offering, advertising, promotion, and/or provision of Counterclaim defendant's services is a

      reproduction, counterfeit, copy, and/or colorable imitation of HLC's PATHWAYS mark.

68. Such use by the Counterclaim defendant is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

69. Counterclaim defendant's use of the term "pathways" as a trade designation for Counterclaim defendant's services, whether trade name or trademark, has been without the authorization or consent of HLC and has damaged and will be likely to continue to damage HLC.

70. Counterclaim defendant's conduct is likely to cause irreparable harm to HLC for which there is no adequate remedy at law.

71. Upon information and belief, the aforesaid conduct was undertaken willfully by the Counterclaim defendant with full knowledge of HLC's use of the PATHWAYS mark and with the intention of causing confusion, mistake, or deception.

## THIRD COUNTER-CLAIM

(Common Law Unfair Competition)

72. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

73. Upon information and belief, Counterclaim defendant has advertised, promoted, offered, and sold its services in the state of Colorado under the PATHWAYS mark with full knowledge of HLC's prior use of its PATHWAYS mark for the same or closely-related services.

74. Counterclaim defendant has unfairly competed with HLC by creating the impression among relevant consumers that the services offered by the Counterclaim defendant are licensed by, sponsored by, originated with, and/or are otherwise affiliated with those of HLC, or that the source of the services offered and sold by Counterclaim defendant under the Pathways mark is affiliated, connected with, or associated with HLC, when Counterclaim defendant's services have no connection with or authorization from HLC.

75. Counterclaim defendant has misappropriated HLC's valuable good will and public recognition of the PATHWAYS mark, which has been developed over a long period of time by HLC and Counterclaim defendant has unlawfully benefited and been unjustly enriched by such activities.

76. Use by Counterclaim defendant of the Pathways mark in connection with its services constitutes unfair competition under the common law of the state of Colorado.

77. This use has injured the business reputation of HLC and will cause irreparable harm, damage, and injury to HLC unless restrained and enjoined by the Court.

### FOURTH COUNTER-CLAIM

(Colorado Consumer Protection Act)

78. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

79. Counterclaim defendant's activities alleged herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of its trade and business in violation of C.R.S. § 6-1-101, et. seq.

80. Upon information and belief, Counterclaim defendant's wrongful and deceptive activities have caused, and unless enjoined by the Court will continue to cause irreparable injury and other damage to HLC's business, reputation, and good will in its mark. HLC has no adequate remedy at law.

### FIFTH COUNTER-CLAIM

(Declaratory Judgment of Non-infringement – 28 U.S.C. § 2201)

81. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

82. In the alternative under F.R.C.P. 8(d)(2), HLC seeks a declaratory judgment under 28 U.S.C. § 2201 that it has not infringed any trademark rights of Plaintiff as alleged in Plaintiff's First and Second Claims for Relief.

83. If and when HLC's federal trademark applications mature to registration, HLC reserves the right to amend its Answer and Counterclaims to assert a claim of federal trademark infringement under 15 U.S.C. §§ 1114 and 1117.

84. If and when HLC's federal trademark applications mature to registration, HLC reserves the right to amend its Answer and Counterclaims to assert a claim of constructive use of the PATHWAYS mark nationwide from the filing date of the applications.

WHEREFORE, HLC prays for an order of the Court:

A. Enjoining Plaintiff, its officers, directors, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:
   1. Any further infringement of HLC's trademark and trade name rights; and
   2. Unfairly competing with HLC;

B. Directing Plaintiff to deliver up to Plaintiff for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing materials, including but not limited to educational, marketing, advertising, and promotional materials used by the Plaintiff which display the PATHWAYS mark;

C. For an award of Plaintiff's profits obtained in the use of the Pathways mark;

D. For an award of HLC's damages resulting from the use by Plaintiff of the Pathways mark;

E. For an award of costs incurred by HLC in this action;

F. Trebling the amount of the award made herein to deter in the future Plaintiff's willful, intentional, and bad faith conduct;

G. For an award of attorney fees, costs, and disbursements incurred in this action based on Plaintiff's willful, intentional and bad faith conduct;

H. In the alternative, a declaration under 28 U.S.C. § 2201 that it has not infringed any trademark rights of Plaintiff as alleged;

I. Such other and further relief as the Court deems just and proper.

Dated this 6th day of May, 2009.

Respectfully Submitted,

| CR MILES, P.C. | TOWNSEND & TOWNSEND & CREW, LLP |
|---|---|
| s/Cheryl L. Anderson | s/Ian L. Saffer |
| Craig R. Miles | Ian L. Saffer |
| Cheryl L. Anderson | Attorneys for Defendant |
| Attorneys for Defendant | 1200 Seventeenth Street |
| 405 Mason Court, Suite 119 | Suite 2700 |
| Fort Collins, CO 80524 | Denver, CO 80202 |
| Phone: (970) 492-0000 | Phone: (303) 571-4000 |
| E-mail: crmiles@crmiles.com | Email: ilsaffer@townsend.com |
| Email: clanderson@crmiles.com | |

## CERTIFICATE OF SERVICE

I, Cheryl L. Anderson, hereby certify to the truth of the following items:

1. I am an employee of CR MILES P.C., 405 Mason Court, Suite 119, Fort Collins, CO 80524 U.S.A.

2. I hereby certify that on the 6th day of May, 2009, a true and correct copy of the foregoing ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS filed with the Court on this same date was served on the following individuals via the CM/ECF Filing System as follows:

> J. Mark Smith
> msmith@penberg.com
>
> Craig R. Miles
> crmiles@crmiles.com

was served on the following individual by standard e-mail transmission as follows:

> Ian L. Saffer
> ilsaffer@townsend.com

and was also served by delivery to the U.S. Postal Service as first class mail, postage prepaid, addressed to the following:

> J. Mark Smith
> Pendleton, Friedberg, Wilson & Hennessey, P.C.
> 1875 Lawrence Street, Tenth Floor
> Denver, CO  80202

s/Cheryl L. Anderson_____