**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00991-WYD-KMT

HOSPICE OF METRO DENVER, INC., a Colorado corporation,

    Plaintiff,

v.

HOSPICE OF LARIMER COUNTY, INC., a Colorado corporation

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

    WHEREAS, the Plaintiff, Hospice of Metro Denver, Inc., and the Defendant, Hospice of Larimer County, Inc., (collectively "Parties") believe that certain information that may be divulged in this litigation may contain protected health information, trade secrets, or other confidential or commercial information as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

    WHEREAS, the Parties believe that such information may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure;

    WHEREAS, the Parties believe that it is necessary to protect their interests, those of their respective patients, and to ensure compliance with the Health Insurance Portability and Accountability Act ("HIPAA") and other state and federal laws and regulations to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED THAT**:

1. AUTHORIZED DESIGNATION UNDER PROTECTIVE ORDER

(a) The attorney for each party producing information or which asserts confidentiality status of third party production, including any document, thing, testimony or other data, in this litigation, after such party has made a good faith determination that the information falls within the scope of protected information as defined in Paragraph 3 of this Protective Order, may segregate and label it as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" (referred to herein as "CONFIDENTIAL"), or "ATTORNEYS EYES ONLY: SUBJECT TO PROTECTIVE ORDER" (referred to herein as "ATTORNEYS EYES ONLY." Non-parties producing information in this litigation may designate such information under the provisions of this Protective Order and shall be entitled to all the protections afforded hereunder. The Disclosing Party or the Party seeking to restrict or designate as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" any non-party production shall have 15 days following the production of documents to designate such documents as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Therefore, all documents and proprietary information produced by any non-party shall initially be treated for 15 days following production as "ATTORNEYS EYES ONLY."

(b) The restrictions set forth in this Protective Order will not apply to information that is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party by the producing party and not otherwise subject to a confidentiality agreement. Similarly, the restrictions set forth in this Protective Order will not apply to information that becomes known to the public after the date of

its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of or attributable to the receiving party, which act or omission is in violation of this Protective Order or any other confidentiality agreement.

    2.    <u>USE OF DESIGNATED INFORMATION</u>:

Information designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" is to be utilized solely for the purposes of the above-captioned litigation.

    3.    <u>"ATTORNEYS EYES ONLY" INFORMATION</u>

    (a)    <u>Definition</u>: Information appropriate for designation as "ATTORNEYS EYES ONLY" shall presumptively include, but is not limited to:

(i) Non-public business information that may provide the party a business advantage including but not limited to: trade secrets, business-know how or other proprietary business methodology information, and client/provider/referral lists.

(b) <u>Persons Authorized to Have Access</u>: Disclosure of "ATTORNEYS EYES ONLY" information shall be limited to the following persons:

Outside Counsel[1] for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel;

---

[1] The term "Outside Counsel" shall mean (i) the attorneys and employees of Pendleton, Friedberg, Wilson & Hennessey, P.C. in their capacity as litigation counsel for Plaintiff; (ii) the attorneys and employees of Overturf McGath Hull & Doherty P.C., CR Miles, P.C,. and Townsend Townsend & Crew, LLP in their capacity as litigation counsel for Defendant ; (iii) the attorneys and employees of any other outside trial counsel who has filed an Appearance with the District Court in this action.

      i.

court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like;

      ii.   outside experts or consultants and their staff, as well as other persons working for outsourced litigation support services, including, without limitation, translation, interpretation, reprographic, and electronic discovery services who are engaged by a party or its outside counsel under (i) above for the purposes of this litigation who sign the undertaking defined in paragraph 5; and

      iii.   authors, creators, addressees and other recipients of protected information, who, prior to the commencement of this litigation, received or had access to the protected information; and

      iv.   the Court and necessary Court personnel.

    (c)   "<u>CONFIDENTIAL</u>" INFORMATION

      a.   <u>Definition</u>: Information appropriate for designation as "CONFIDENTIAL" shall presumptively include, but is not limited to:

(i) "Protected health information" and "individually identifiable health information" as those terms have been defined by 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, this includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an

individual, which identifies the individual, or which reasonably could be expected to identify the individual.

  (ii) Other sensitive business information, not warranting an "ATTORNEYS EYES ONLY" designation but nonetheless constituting non-public information of a confidential nature, such information including but not necessarily limited to: financial data, funding information, and internal corporate records or minutes.

  b. <u>Persons Authorized to Have Access</u>: Disclosure of "CONFIDENTIAL" information shall be limited to the following persons:

Outside Counsel[2] for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel;

 i.

 the Parties;

 ii. court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like;

 iii. outside experts or consultants and their staff, as well as other persons working for outsourced litigation support services, including, without

---

[2] The term "Outside Counsel" shall mean (i) the attorneys and employees of Pendleton, Friedberg, Wilson & Hennessey, P.C. in their capacity as litigation counsel for Plaintiff; (ii) the attorneys and employees of Overturf McGath Hull & Doherty P.C., CR Miles, P.C,. and Townsend Townsend & Crew, LLP in their capacity as litigation counsel for Defendant ; (iii) the attorneys and employees of any other outside trial counsel who has filed an Appearance with the District Court in this action.

limitation, translation, interpretation, reprographic, and electronic discovery services who are engaged by a party or its outside counsel under (i) above for the purposes of this litigation who sign the undertaking defined in paragraph 4;

iv. authors, creators, addressees and other recipients of protected information, who, prior to the commencement of this litigation, received or had access to the protected information; and

v. the Court and necessary Court personnel.

(d) <u>WRITTEN AGREEMENT TO TERMS OF PROTECTIVE ORDER</u>

Information designated under this Order shall not be made available to any person designated in paragraphs 3(b)(iii) and 4(b)(iv), unless that person has stated in an undertaking in the form attached as <u>Exhibit A</u> hereto and served upon counsel for the party providing the designated information that he or she has read this Protective Order and agrees to be bound by it and agrees to use information designated under this Protective Order solely for purposes of this litigation.

(e) <u>PROCEDURE FOR COURT FILINGS</u>

(a) Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" may not be filed with the Court, whether separately or with or as part of pleadings or other court papers, except under seal. The parties further agree that, in the event a motion to seal is denied, they will not oppose the movant's efforts to withdraw any information that was sought to be filed under seal.

(b) Subject to the rules of evidence, documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" may be offered in evidence at

any hearing or trial of this case. Any party may move the Court orally or in writing for an order that the evidence be received under seal. Documents produced under the designation of "ATTORNEYS EYES ONLY" shall be stamped or marked as such. These stamps or marks may be removed for purposes of trial. At no time, however, shall the production or use of any Document or the information contained therein, whether or not it is stamped, or by the removal of any stamp or marking, serve as a waiver of the ongoing duty of confidentiality with regard to Documents known to be confidential by the receiving party, by operation of this Order, or by the designation before, during, or after trial, nor shall production, use or removal of any stamp or marking diminish the Disclosing Party's right to assert that the Documents contain trade secrets, highly confidential information, or are proprietary in nature.

(f) PROCEDURE FOR DEPOSITIONS AND OTHER TRANSCRIPTIONS

(a) When any information designated in accordance with paragraph 1 above is included in an authorized transcript of a deposition or proceeding, or in exhibits attached thereto, arrangements shall be made with the court reporter to bind such confidential transcripts and separately label them "[provider's name], CONFIDENTIAL" or "ATTORNEYS EYES ONLY." All or any portion of testimony falling within the categories set forth in paragraphs 3 and 4 above, may be designated prior to or during the proceeding in which the testimony is elicited, on the record or by other agreement of counsel, or at any time within twenty (20) days after receipt of the transcription of such testimony by the designating party. Thus, unless otherwise agreed to by the parties, all deposition transcripts will be treated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (as the requesting party has designated) until twenty (20) days after receipt of the transcription of such testimony by the designating party. If either party fails to designate in

writing the portions of the deposition transcript that are to be maintained as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" within twenty (20) days of receipt of the transcription, the transcription shall be treated as if it were not designated.

(b) Any party shall have the right to exclude from attendance at a deposition, during such time as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent, the court reporter, and the videographer.

8. <u>DISCLOSURE TO EMPLOYEES OF PRODUCING PARTY</u>

a. Any person indicated on the face of a document designated as including "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information, as the documents' originator, author, or recipient may be shown the documents. Additionally, any such document may be shown to an employee of the producing party if it is established that it is reasonably probable that the employee would have had access to or knowledge of the information contained in that document independent of disclosure of such information during this action.

b. This Protective Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of protected information. This Order shall not limit a party's examination, at a deposition, hearing or trial, of persons who are not authorized to receive protected information under the terms of this Protective Order, so long as

such examination concerns protected information that the witness authored or previously had access to or knowledge of, as demonstrated by the protected information itself or by foundation testimony during a deposition, hearing or trial.

9. SUBPOENAS

If any party or other person authorized under this Protective Order to receive material designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall refuse to produce any such material and shall promptly give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena. It then shall be the obligation of the party who produced such material to seek a Protective Order if appropriate. If, within ten (10) days, the producing party fails to move for a protective order or otherwise cause to be suspended the obligations of the party receiving the subpoena to produce such documents, the party receiving the subpoena may produce responsive documents provided that the subpoenaing party agrees to be bound by the terms of this Order for this purpose.

10. PROCEDURE FOR CHALLENGING DESIGNATIONS

A party may object to the designation of particular "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) days from the date that the notice is received, it shall be the obligation of the party designating the information as

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY" to file an appropriate motion within twenty (20) days that the notice is received or otherwise seek and obtain a conference before the Court to determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed or other court intervention is timely sought, the disputed information shall be treated as labeled, "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

        11.    <u>INADVERTENT PRODUCTION</u>

        (a)    The unintentional or inadvertent production by any party or person of confidential information subject to this Protective Order, without first designating such information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality.  Likewise, the inadvertent or unintentional production of documents subject to work product immunity or the attorney client-privilege shall not constitute a waiver of the immunity or privilege, and no party to this action shall thereafter assert that such inadvertent disclosure alone waived any privilege or immunity.

(b) Upon discovery of such unintentional or inadvertent disclosure, the disclosing party shall promptly notify all Outside Counsel in writing, and (1) request that the unintentionally or inadvertently disclosed material be designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" subject to this Protective Order; or (2) request that the inadvertently or unintentionally disclosed material be returned or destroyed. Outside Counsel receiving such written notification of unintentionally or inadvertently disclosed materials shall, within seven (7) days of the receipt of said notice, designate the information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" subject to the protections of this Protective Order, or return or destroy the information, and all copies thereof, as requested and provide written confirmation to the disclosing party of their compliance. If inadvertently or unintentionally provided confidential information has been disclosed by the opposing parties in connection with any filing, motion, hearing, trial or proceeding, then Outside Counsel, after being notified in writing, shall, to the extent necessary designate all documents or portions thereto containing such information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" subject to the protections of this Protective Order. To the extent this confidential information was submitted in a filing or motion, the party submitting the filing or motion shall withdraw the filing or motion and re-file the filing or motion subject to the conditions of paragraph 6 above, but shall not lose any priority date associated with the filing or motion.

(c) Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Nothing in this Protective Order shall be constructed to require the production of any

information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

12. <u>ENFORCEMENT</u>

Injunctive relief may be obtained against any such person violating, or threatening to violate any of the terms of this Protective Order. In the event a party applies to the court for such relief, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order. The prevailing party regarding any dispute regarding the terms or enforcement of this Protective Order shall be entitled to the costs and reasonable attorneys' fees it incurred in attempting to enforce this Protective Order.

13. <u>OBLIGATIONS UPON TERMINATION OF LITIGATION</u>

Within twenty (20) days of the final termination of this litigation, each party or person that is subject to this Order shall destroy or return to the providing party all items designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in accordance with paragraph 1 above, including all copies of such matter which may have been made (including copies in the hands of consultants and witnesses), but not including pleadings or notes or other attorney work product that may have been placed thereon by counsel for the receiving party. Notwithstanding the foregoing, Counsel may retain both a physical and electronic copy of any Document containing Confidential or Proprietary Information for archive purposes. Counsel, to the extent any archival retention is maintained, agrees to protect the confidentiality of said Proprietary Information

similar to how it would protect its or its clients' highly confidential information and keep it from being disclosed. This Protective Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modifications of this Protective Order.

### 14. NO INTERFERENCE WITH LEGAL ADVICE

Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

### 15. MISCELLANEOUS

Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of other state and federal laws concerning the disclosure of certain medical or patient treatment records.

DATED:   8/6/09                By:   s/ J. Mark Smith
                               J. Mark Smith
                               Pendleton Friedberg Wilson & Hennessey, P.C.
                               1875 Lawrence Street, Tenth Floor
                               Denver, CO  80202
                               *Attorney for Plaintiff,  Hospice of Metro Denver, Inc.*


DATED:   8/4/09                By:   s/ January D. Barrett
                               January D. Barrett
                               Overturf McGath Hull & Doherty P.C.
                               625 East 16th Avenue, Suite 100
                               Denver, CO  80203
                               *Attorney for Defendant, Hospice of Larimer County, Inc., as to defense of claims asserted by Plaintiff*


DATED:   8/5/09                By:   s/ Cheryl L. Anderson
                               Cheryl L. Anderson
                               CR Miles, P.C.
                               405 Mason Court, Suite 119
                               Fort Collins, CO  80524
                               *Attorneys for Defendant/Counterclaim Plaintiff Hospice of Larimer County, Inc.*


DATED:   8/5/09                By:   s/ Ian L. Saffer
                               Ian L. Saffer
                               Townsend & Townsend & Crew, LLP
                               1400 Wewatta Street, Suite 600
                               Denver, CO  80202
                               *Attorney for Defendant/Counterclaim Plaintiff Hospice of Larimer County, Inc.*

**SO ORDERED:**

Dated this 7th day of August, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

## DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I _____, declare under penalty of perjury that:

I, having been retained or employed by [Party] _____ as a [role] _____ for this litigation, have read the Protective Order entered in *Hospice of Metro Denver, Inc. v. Hospice of Larimer County, Inc.*, District of Colorado, Civil Action No. 09-CV-00991-WYD-KMT (the "Protective Order") and I agree to be bound by it.  I agree to use information designated under the Protective Order solely for purposes of this litigation.  I am aware that if I violate the provisions of this Protective Order, the Court may order the entry of contempt sanctions against me.  I further agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

Dated this _____ day of _____, 200\_\_.

_____
(Signature)

_____
(Typed Name)

_____
(Title)